IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE JOHNSON,

    Petitioner,                        No. CIV S-10-1251 WBS EFB P

    vs.

KATHLEEN DICKINSON,

    Respondent.                    <u>ORDER</u>

_____/

    Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has requested that the court allow discovery in this action "to obtain various discovery documents . . . ." Dckt. No. 3. He also requested an evidentiary hearing. *Id.* For the reasons that follow, both motions are denied without prejudice.

    "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure, and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases. Whether a petitioner has established "good cause" for discovery requires the court to determine the essential elements of the petitioner's substantive claim and evaluate whether "specific allegations before the court show reason to believe that the petitioner may, if the facts

1

are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S. at 904, 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). After reviewing petitioner's allegations and his request for unspecified discovery, the court cannot find that good cause exists to propound discovery. Thus, the petitioner's motion for leave to conduct discovery is denied.

A federal court must hold an evidentiary hearing where it appears that the allegations in the petition, if proved, would entitle the petitioner to relief, and the state court has not reliably found the relevant facts, unless the petitioner has failed to develop the factual basis of his claims in state court. *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005). *See* Rule 8(a), Rules Governing Section 2254 Cases (when a federal court does not summarily dismiss a petition for a writ of habeas corpus filed under § 2254, the judge "must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."). A petitioner seeking an evidentiary hearing must generally allege facts, that if proven, would entitle him to relief. *Jones v. Wood*, 114 F.3d 1002, 1010 (9th Cir. 1997). Following a detailed review of the pleadings and records submitted in this action, the court sua sponte will order an evidentiary hearing if it appears necessary. Therefore, petitioner's request for an evidentiary hearing is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that petitioner's May 21, 2010 motion for discovery and for an evidentiary hearing is denied without prejudice.

Dated: February 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE